UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MEGHAN HARRISON,                                                          Case No:

                                 Plaintiff,

         -against-                                                                **COMPLAINT AND**
                                                                                                                          **JURY DEMAND**

ALEXANDER R. HILL and PV HOLDING CORP.,

                                 Defendants.
-----------------------------------------------------------------------X

       Plaintiff MEGHAN HARRISON, by her attorneys Cheriff & Fink, P.C., for her Complaint and Jury Demand, respectfully alleges as follows:

## THE PARTIES

1.     At all relevant times, Plaintiff MEGHAN HARRISON was and still is a citizen of the State of Connecticut.

2.     Upon information and belief, at all relevant times, Defendant ALEXANDER R. HILL was a citizen of the State of New York.

3.     Upon information and belief, at all relevant times, Defendant PV HOLDING CORP., was and still is a Delaware Corporation with its principal place of business in the state of New Jersey.

## SUBJECT MATTER JURISDICTION

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of interest and costs and there is diversity of citizenship between the parties.

## IN PERSONAM JURISDICTION AND VENUE

5.     Plaintiff repeats each allegation contained in paragraphs 1-4.

6.     Upon information and belief, Defendants committed tortious acts within the State of New York and within the Southern District of New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) (2).

## FIRST CLAIM

8. Plaintiff MEGHAN HARRISON repeats and realleges the allegations in paragraphs 1 through 7.

9. Upon information and belief, at all relevant times, Defendant PV HOLDING CORP. was the registered owner of a 2025 Chevy motor vehicle bearing New York License Plate Number "LWB2912" (the "Defendant Vehicle").

10. Upon information and belief, at all relevant times, Defendant ALEXANDER R. HILL was the operator of the Defendant Vehicle.

11. Upon information and belief, at all relevant times, Defendant ALEXANDER R. HILL operated the Defendant Vehicle with the knowledge, permission, and consent of Defendant PV HOLDING CORP.

12. Upon information and belief, at all relevant times, Plaintiff was the owner and operator of a 2022 Jeep motor vehicle bearing Connecticut License Plate Number "145ZPU" (the " Plaintiff Vehicle").

13. Upon information and belief, at all relevant times, Routes 9D and Routhe 403, in the County of Putnam, City of Phillipstown and State of New York were and still are public roads and thoroughfares.

14. On May 5, 2025, at approximately 11:37 a.m., Defendant ALEXANDER R. HILL was operating the Defendant Vehicle northbound on Route 9D at its intersection with Route 403, in the County of Putnam, Town of Phillipstown and State of New York (the Accident Location").

15. On May 5, 2025, at approximately 11:37 a.m., the Plaintiff was the operator of the Plaintiff Vehicle facing in the northbound direction on Route 9D at the Accident Location.

16. On May 5, 2025, at approximately 11:37 a.m., the Plaintiff Vehicle was stopped on Route 9d at the Accident Location.

17. On May 5, 2025, at approximately 11:37 a.m., the Defendant Vehicle came into contact with the Plaintiff Vehicle at the Accident Location (the "Accident").

18. On May 5, 2025, at approximately 11:37 a.m., the front of the Defendant Vehicle came into contact with the rear of the Plaintiff Vehicle at the Accident Location.

19. On May 5, 2025, after the Accident, Defendant ALEXANDER R. HILL told Deputy Shane Haley that "he was not paying attention and subsequently collided with the rear [of the Plaintiff Vehicle]" at the Accident Location.

20. Defendants were careless, reckless and negligent in their, ownership, operation and control of the Defendant Vehicle, in among other things, because Defendant ALEXANDER R. HILL was following too closely to the Plaintiff Vehicle without adequately determining if it was safe to engage in such a hazardous maneuver; in failing to avoid the Accident; in failing to apply the brakes in a timely manner; in operating the Defendant Vehicle at an excessive rate of speed; in failing to keep the Defendant Vehicle a safe and proper distance from the Plaintiff Vehicle; in failing to give adequate notice or sound of the horn or other signals to warn of his approach to the Plaintiff Vehicle; in failing to exercise and maintain reasonable and proper control of the Defendant Vehicle; in failing to keep a proper look out; in failing to take timely evasive actions and maneuvers so as to avoid the Accident; and in that Defendant ALEXANDER R. HILL caused, allowed and permitted the Defendant Vehicle to strike the Plaintiff Vehicle.

21. The accident and the injuries resulting to the Plaintiff were caused by the negligent acts of the Defendants without any negligence on the part of the Plaintiff contributing thereto in any manner.

22. Solely as a result of the foregoing, Plaintiff was severely and seriously bruised, wounded and injured; was rendered sick, sore, lame and disabled; and said Plaintiff suffered, still suffers and upon information and belief, will continue to suffer mental and physical pain, both internal and external; and she was caused to extend sums of money for necessary medical treatment and care, and the Plaintiff was rendered unfit and unable to pursue her usual activities, and suffered permanent injuries and damages thereby.

23. That the Plaintiff did sustain such extensive, severe and permanent injuries as to meet the requirements of the Laws of the State of New York as amended to institute and prosecute the within proceeding.

24. By reason of the foregoing, Plaintiff is entitled to recover for non-economic loss and for economic losses as are not included within the definition of "Basic Economic Loss" as set forth in §5102 of the Insurance Law of the State of New York.

25.   Plaintiff is a covered person as defined by §5102 of the Insurance Law of the State of New York.

26.   By reason of the foregoing, Plaintiff MEGHAN HARRISON has been damaged in the sum of One Million Dollars.

WHEREFORE, Plaintiff MEGHAN HARRISON demands judgment, jointly and severally, against Defendants in the sum of One Million Dollars, together with the costs and disbursements of this Action.

Dated:   Mount Kisco, New York
         August 13, 2025

CHERIFF & FINK, P.C.

By: Bruce J. Cheriff (BJC-2991)
Attorneys for Plaintiff
PO Box 985
Mount Kisco, NY 10549
(914) 242-2042